UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MANCIL WALLACE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CAUSE NO. 3:06-CV-741 JTM |
| | ) |
| WALTER E. MARTIN, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Mancil Wallace, a *pro se* prisoner, filed a petition seeking relief under 28 U.S.C. §2254.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Mr. Wallace states that he was convicted of armed rape and was found to be a habitual criminal offender in the Elkhart Superior Court on August 13, 1981. He states that the Indiana Supreme Court denied his direct appeal. That published opinion indicates that this occurred on September 20, 1983. Wallace v. Indiana, 453 N.E. 2d 245 (Ind. 1983).

Habeas Corpus petitions are subject to a one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

      removed, if the applicant was prevented from filing by such State action;
          (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
          (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Any prisoner whose conviction became final prior to April 24, 1996, the date the Antiterrorism and Effective Death Penalty Act went into effect, received a one year grace period within which to file a petition for writ of habeas corpus. *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). Mr. Wallace has not presented any argument that the state prevented him from filing, that his claims are premised on newly recognized constitutional rights, or newly discovered facts. Accordingly, Mr. Wallace's statute of limitations expired on April 24, 1997 unless the statute was tolled by a state court proceeding. Though Mr. Wallace has detailed many post-conviction filings, none of them indicate that they were pending between April 24, 1996 and April 24, 1997. As a result, his petition is untimely and must be dismissed.

For the foregoing reasons, the habeas corpus petition is DISMISSED pursuant to Habeas Corpus Rule 4 because it is untimely.

      SO ORDERED.

      ENTERED:   November 29, 2006

                                      s/James T. Moody
                                      James T. Moody, Judge
                                      United State District Court